

IN THE
TENTH COURT OF APPEALS

No. 10-10-00394-CR

ALFORD WINKFIELD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F43573

MEMORANDUM  OPINION

Alford Jay Winkfield appeals from his conviction for aggravated sexual assault of a child, which was enhanced by two prior convictions.  TEX. PEN. CODE ANN. § 22.021 (West 2011).  Winkfield pled guilty to the offense and pled true to the two enhancement paragraphs, but went to the jury to determine punishment.  The trial court assessed Winkfield's punishment in accordance with the jury's verdict at life imprisonment.  TEX. PEN. CODE ANN. § 12.42 (West 2011).  Winkfield complains that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment and that his due process rights were violated because the jury's note indicated that the sentence was

predetermined by the jury. Because Winkfield did not preserve these complaints by objecting to the trial court either during trial or in a post-judgment motion, we affirm the judgment of the trial court.

*Cruel and Unusual Punishment*

In his first issue, Winkfield argues the life sentence for the enhanced aggravated sexual assault of a child offense constitutes cruel and unusual punishment although he concedes that the sentence is within the statutory range for the offense. He argues on appeal the sentence is a violation of the Eighth Amendment of the United States Constitution. However, there is no objection on this ground in the trial court record.

An appellant must make an objection in the trial court for us to review this issue for error on appeal. TEX. R. APP. P. 33.1(a). Claims of cruel and unusual punishment can be waived if not brought before the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (failure to raise a challenge to sentence under the Eighth Amendment to the U.S. Constitution in the trial court leads to waiver on appeal); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (waiver of cruel and unusual punishment claim occurred because no objection was made at trial).

Winkfield did not raise any of his objections to the punishment at the trial court either at the time of sentencing or in a motion for new trial. As a result, he has waived them. *See* TEX. R. APP. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120. We overrule Winkfield's first issue.

*Predetermined Sentence*

Winkfield complains in his second issue that his due process rights were violated because the jury had predetermined his sentence. During its deliberations, the jury sent out a note asking what the difference is between ninety-nine years and life. Winkfield affirmatively did not object to the trial court's response to the question.

The requirement of an objection to the trial court applies even to due process violations. *See Hull v. State*, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002); TEX. R. APP. P. 33.1(a). Winkfield did not object during the proceeding or at the time his sentence was imposed, nor did he raise his due process concerns in a motion for new trial. As a result, he has waived this complaint as well. *See* TEX. R. APP. P. 33.1(a). We overrule Winkfield's second issue.

*Conclusion*

Having found that Winkfield's complaints were not preserved in the trial court and were therefore waived, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 28, 2011
Do not publish
[CRPM]